# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                               Case No. 20-cv-346 MV-KK

MICHAEL BRISCO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Talele Mika's Prisoner Tort Complaint (Doc. 1-1) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. He alleges that Defendant failed to protect him from an attack by gang members. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

**I.**    **Background**[1]

Plaintiff was previously incarcerated at the Roswell Correctional Center ("RCC"). *See* Doc. 1-1 at 3. On April 22, 2019, a fellow inmate threatened him while walking toward the shower. *Id.* at 4. Plaintiff knew the shower was a common location for fights and declined to enter the stall. *Id.* When he tried to communicate with the other inmate, the man attacked. *Id.* Plaintiff defended himself and was initially able to hold the man back. *Id.* However, the man's gang-affiliated friend arrived and struck Plaintiff in the eye. *Id.* Plaintiff's eye detached from the socket, and the men continued beating him for about five minutes. *Id.*

No guards intervened in the attack, even though it occurred in view of a camera. *See* Doc. 1-1 at 4. When the assailants left the scene, Plaintiff had to search for an officer for about ten

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1-1), which the Court accepts as true for the purpose of this ruling.

minutes. *Id.* He finally encountered an unnamed officer and was taken to the emergency room for medical care. *Id.* It appears that Plaintiff is now blind in one eye. *Id.*

The Complaint raises claims under the Eighth Amendment and the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq.* ("TCA"). *See* Doc. 1-1 at 2. Plaintiff seeks unspecified money damages from Defendant Michael Brisco, the Chief of Security for RCC. *Id.* at 2-3. Plaintiff originally filed the Complaint in New Mexico's First Judicial District Court. *See* Doc. 1 at 1. Defendant removed the Complaint to this Court on April 16, 2020, within thirty days of receipt of service. *Id.* Defendant paid the civil filing fee, and the matter is ready for initial review.

## II.   Standards Governing Initial Review

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that raise claims against government actors. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## III. Discussion

The crux of the Complaint is that Defendant failed to protect Plaintiff from attack in violation of the Eighth Amendment and the TCA. The Court will address each claim below.

### (a) Eighth Amendment Deliberate Indifference

Plaintiff's constitutional claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). To state a deliberate indifference claim, the plaintiff must show that "(1) the conditions of his incarceration present an objective substantial risk of serious harm and (2) prison officials had

3

subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). The objective component can be met based on the risk of assault by fellow inmates. *Id.*; *Wilson v. Falk*, 877 F.3d 1204, 1210 (10th Cir. 2017) (where fellow inmate stabbed plaintiff, only subjective component was in dispute); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (noting a physical assault satisfies the objective component of the Eighth Amendment test). As the Supreme Court has explained: "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834.

To satisfy the subjective component of the deliberate-indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Each defendant must "know[] of and disregard[] an excessive risk to inmate . . safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).

In the context of failure to protect cases, prison officials must be aware of specific facts that

4

the attacker could be dangerous, beyond merely a prior disagreement between the parties. *See, e.g., Miles v. Conrad,* 805 F. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Leonard v. Lincoln Cty. Bd. of Comm'rs*, 790 F. App'x 891, 894 (10th Cir. 2019) (affirming dismissal of failure to protect claim where plaintiff generally described the attacker as a predator but went on to complain about the attacker changing the television channel and breaking his glasses); *Gray v. Sorrels*, 744 F. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there were no specific warnings that attacker could become violent). The Tenth Circuit has found deliberate indifference, however, where the defendants received reports that fellow inmates were "making threats towards [the plaintiff's] life" and "going to get him." *Wilson v. Falk*, 877 F.3d at 1211. The subjective element can also be met where prison officials know that a gang has threatened or attacked the plaintiff in the past but fails to take measures to ensure his future safety. *See, e.g, Howard v. Waide,* 534 F.3d 1227, 1239 (10th Cir. 2008) (finding deliberate indifference where prison officials "were aware of the general threat of 2-11 [Crew] violence").

The allegations here clearly meet the objective component of the test, based on the brutal attack and Plaintiff's eye injury. As to the subjective component, Plaintiff alleges that Defendant has a duty to ensure the safety of all inmates and to classify known gang-members in such a way that they do not pose a threat to other inmates. *See* Doc. 1-1 at 4-5. These facts do not tie Defendant to the alleged wrongdoing or show that he knew that the assailants posed a risk of harm to Plaintiff.

5

There is also no information about any party's gang affiliation, which is necessary to shed light on gang-related security risks.

The Complaint further alleges that Defendant was the proximate cause of the injury based on respondeat superior. *Id.* at 5. Prison supervisors cannot be held vicariously liable for their employee's alleged constitutional violations under § 1983. *See Moya v. Garcia,* 895 F.3d 1229, 1233 (10th Cir. 2018). To establish liability under § 1983, a plaintiff must show that the supervisor "[1] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm and [2] acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* Plaintiff has not alleged that any wrongdoing is traceable to a policy that was promulgated, created, or implemented by Defendant, or that Defendant was responsible for the continued operation of such a policy. The Complaint therefore fails to state a claim for deliberate indifference under the Eighth Amendment and § 1983.

**(b) New Mexico TCA Claim**

Plaintiff also seeks unspecified damages under the TCA, which "provides governmental entities and public employees acting in their official capacities with immunity from tort suits unless the Act sets out a specific waiver of that immunity." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 228 P.3d 504, 510 (N.M. App. 2010). The failure to protect an inmate from attack is analyzed under N.M.S.A. § 41-4-6. *See Callaway v. New Mexico Dep't of Corr.,* 875 P.2d 393 (N.M. App. 1994); *Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). That section waives immunity for liability "caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." N.M. Stat. § 41-4-6(A) (emphasis added). For a waiver of immunity to occur under § 41-4-6, a

6

defendant's "negligent 'operation or maintenance' must create a dangerous condition that threatens the general public or a class of users" on the property in question. *Upton v. Clovis Mun. Sch. Dist.*, 141 P.3d 1259, 1261 (N.M. 2006). The dangerous condition need not be a physical defect. *Id.*

New Mexico law recognizes two categories of prison attacks for purposes of § 41-4-6. The first category was addressed by *Archibeque* and involves a risk of harm to a single inmate. *See* 866 P.2d 344, 346. There the plaintiff informed prison officials of a known enemy before joining the general population. *Id.* The defendant negligently and incorrectly assumed such enemy was no longer at the prison, and the plaintiff was attacked by his enemy shortly thereafter. *Id. Archibeque* held that "the 'operation' and 'maintenance' of the penitentiary premises ... does not include the security, custody, and classification of inmates. . . . Reading Section 41-4-6 to waive immunity every time a public employee's negligence creates a risk of harm for a single individual would subvert the purpose of the [TCA]." *Id.* at 346-347. *Archibeque* concluded that because the defendant's actions only put plaintiff at risk, rather than the entire prison population, the plaintiff could not maintain a TCA claim. *Id.*

*Callaway* addresses the second category of prison attacks, which are compensable under the TCA. *See* 875 P.2d 393. In *Callaway*, the plaintiff was attacked by three known, violent gang members shortly after his arrival. *Id.* at 395. The attack occurred in a room with multiple blind spots and potential weapons. *Id.* at 395. *Callaway* found a waiver of immunity under § 41-4-6 because those circumstances posed a danger to the entire prison population, rather than to just one inmate. *Id.* Other New Mexico cases emphasize that to state a claim under § 41-4-6, the defendant must have known or should have known of the alleged dangerous condition that threatened users on the property. *See Kreutzer v. Aldo Leopold High Sch.,* 409 P.3d 930, 944 (N.M. App. 2018)

7

(rejecting TCA claim where a student was attacked where there was no evidence that high school parking lot was a "hot zone" for violence or otherwise dangerous to the student population); *Espinoza v. Town of Taos,* 905 P.2d 718, 722 (N.M. 1995) (finding no waiver under § 41-4-6 where child sustained injury on playground, reasoning that the "negligent conduct" did not create "unsafe conditions for the general public"); *Upton*, 141 P.3d at 1264 (permitting TCA claim where the defendant failed to implement policies to prevent general harm to children/students).

In the instant case, it is unclear whether the assailants specifically targeted Plaintiff, as in *Archibeque*, or whether they posed a danger to the general population, as in *Callaway.* The allegations also fail to specify whether Defendant had notice of the danger prior to the attack. *See Smith v. New Mexico,* 2020 WL 6702018, at *7 (D.N.M. Nov. 13, 2020) (collecting cases for the proposition that to state a TCA claim based on a prison attack, the complaint must provide some evidence of notice). The Complaint therefore lacks sufficient information to state a cognizable TCA claim.

**(c) Dismissal and Leave to Amend**

Having determined that the allegations fail to state a claim on which relief may be granted, the Court will dismiss the Complaint. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the dismissal will be without prejudice, and Plaintiff may file an amended complaint within sixty (60) days of entry of this Order. Any amended complaint should specify: (1) whether Plaintiff complained about the assailants or their gang prior to the attack; (2) whether they targeted him specifically, based on gang affiliation or other reasons; and (3) what specific information, if any,

was available to Defendant suggesting that the assailants posed a danger to Plaintiff and/or to the RCC population as a whole.

The amended complaint will be subject to screening under § 1915A. If Plaintiff declines to timely file an amended complaint, or files an amendment that fails to state a cognizable claim, the Court will dismiss this case with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's *Pro Se* Prisoner Tort Complaint (**Doc. 1-1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint **within sixty (60) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE