IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                                                  Case No. 20-cv-346 MV-KK

MICHAEL BRISCO, *et al*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Complaint (Doc. 5). Also before the Court are Plaintiff's motions to supplement, appoint counsel, and order initial disclosures (Docs. 7, 8, 14). Plaintiff contends that prison officials failed to protect him from an attack by gang members. Having reviewed the Amended Complaint under 28 U.S.C. § 1915A, the Court will permit supplementation, deny the other motions, and allow the case to survive initial review.

## I. Background[1]

Plaintiff was previously incarcerated at the Roswell Correctional Center ("RCC"). He was playing cards in 2019 when other inmates threatened him. *See* Doc. 5 at 5. Plaintiff waved at a camera to indicate that he needed help. *Id.* When nothing happened, Plaintiff left the area to diffuse the situation and take a shower. *Id.* He forgot his hygiene items and returned to the day room, where the inmates continued making threats. *Id.* at 5-6. Plaintiff again waved at the cameras to indicate that he needed help. *Id.* at 6. Nobody came, and the first inmate attacked. *Id.* Plaintiff defended himself and was initially able to hold the man back. *Id.* However, another inmate joined the attack and struck Plaintiff in the eye. *Id.* Plaintiff's lens detached, and the men continued

---

[1] The background facts are taken from Plaintiff's Amended Complaint (Doc. 5). For the limited purpose of this ruling, the Court assumes that Plaintiff's allegations are true.

beating him for about five minutes. *Id.* It took another fifteen minutes before Plaintiff found the officers on duty, who were all "in the lieutenant's office kicking back and talking." *Id.* It appears that Plaintiff suffered a vision impairment as a result of the attack. *Id.*

The Complaint raises claims under the Eighth Amendment, 42 U.S.C. § 1983, and the New Mexico Tort Claims Act N.M.S.A. 41-1-1, *et. seq.* ("TCA"). *See* Doc. 5 at 2-3. Plaintiff seeks at least $2 million in damages and injunctive relief from three named Defendants: (1) Captain Michael Brisco; (2) the New Mexico Corrections Department ("NMCD"); and (3) NMCD Cabinet Secretary Alicia Lucero. *Id.* at 3-4, 30. He also seeks damages from various John Doe Defendants. *Id.* at 3-5; Doc. 8. The Court will review the Amended Complaint along with Plaintiff's pending motions.

## II. Standard of Review Under Rule 12(b)(6) and Section 1915A

Where, as here, a prisoner civil rights action is removed from state court, the Court must perform a screening function under 28 U.S.C. Section 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government officials, even though it was removed from state court). Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Moreover, because Plaintiff is *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id. Pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless it is clear that any amendment would be futile. *Id.* at 1109.

### III.  Discussion

*A.  The Amended Complaint States a Claim Against the Named Defendants*

Plaintiff's claims arise under the Eighth Amendment and the TCA. (Doc. 1-2). As explained in more detail in the initial screening ruling, an Eighth Amendment plaintiff must show that he experienced substantial harm and that the prison "official was subjectively aware of the risk." *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). To state a TCA claim, the plaintiff must show that Defendant knew of a dangerous condition that threatened the entire prison population. *See Callaway v. New Mexico Dep't of Corr.,* 875 P.2d 393 (N.M. App. 1994). The original Complaint did not allege that Brisco - then the only Defendant - was aware of any risk of harm. The Amended Complaint elaborates that Brisco was in charge at RCC on the day of the attack. *See* Doc. 5 at 3. Brisco allegedly failed to require his subordinates to be at their assigned stations, failed to enforce State security policies, and implemented an illegal classification policy that created a dangerous environment. *Id.* With this clarification, the Court concludes that the Amended Complaint states a cognizable claim against Brisco under the Eighth Amendment and the TCA.

The Amended Complaint adds two new named Defendants - NMCD and Cabinet Secretary Lucero.  *See* Doc. 5 at 4.  NMCD is not a "person" subject to suit under § 1983, *see Blackburn v. Department of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999), and Lucero cannot be sued under § 1983 "in [her] official capacit[y] for retrospective relief."  *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011).  However, Plaintiff also seeks injunctive relief from those Defendants, and New Mexico plaintiffs have litigated TCA failure-to-protect claims against NMCD.  *See, e.g., Callaway,* 875 P.2d at 393.  The Court will therefore require NMCD and Lucero to file an answer to the Amended Complaint, and each individual claim can be assessed after the *Martinez* investigation (and likely on summary judgment).

The Amended Complaint also adds various John and Jane Doe Defendants, who purportedly failed to monitor their posts on the day of the attack.  *See* Doc. 5 at 3-5.  "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendant . . . even when the plaintiffs are in prison."  *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013).  However, courts have also "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."  *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).  There is no clear answer in the case law on when Doe defendants must be identified.  The Tenth Circuit has affirmed the dismissal of such defendants on screening where the complaint lacked sufficient information to effectuate service, but it has also left open the possibility of resolving the issue on summary judgment.  *Compare Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (affirming screening dismissal) and *Ellis v. Oliver*, 714 F. App'x 847, 850 n. 1 (10th Cir. 2017) (suggesting resolution at summary judgment).  Because Plaintiff requested more

4

time and information to track down his Defendants, the Court declines to dismiss any claims against John/Jane Doe Defendants at this time.

    *B.  Pending Motions*

Plaintiff also asks the Court to: (1) permit him to supplement the Amended Complaint with declarations by other inmates; (2) order initial disclosures pursuant Fed. R. Civ. P. 26; and (3) appoint counsel.  *See* Docs. 7, 8, 14.  The Court will grant Plaintiff's Motion to Supplement (Doc. 14).  The Clerk's Office will terminate that motion and re-title the document: "Supplement to the Amended Complaint (Doc. 5)."

With respect to the initial disclosures, Plaintiff hopes they will reveal the names of all officers working at RCC on the day of the attack.  *See* Doc. 8 at 1-2.  Any request for initial discovery is premature because *pro se* prisoner cases are exempt from the requirements of Rule 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting "action[s] brought without an attorney by a person in the custody of the . . . state").  In *pro se* prisoner cases, the assigned Magistrate Judge ordinarily orders a *Martinez* report in lieu of traditional discovery.  The *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out "any factual or legal bases for [the] claims."  *Hall*, 935 F.2d at 1109.  The Court will therefore deny the Motion for Production of Information (Doc. 8) as premature and without prejudice.  Plaintiff may renew his discovery request after reviewing Defendants' answers, and, if appropriate, the *Martinez* report.

As to the remaining motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  The decision to make this request is a matter of discretion.  *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Factors guiding the Court's

decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, and because there is no longer a *pro bono* panel of attorneys willing to take such cases, the Court will deny the Motion to Appoint Counsel (Doc. 7). Plaintiff may renew his request for counsel at a later time, if the case becomes more complicated or survives summary judgment.

**IT IS ORDERED** that Plaintiff's Motion to Supplement (**Doc. 14**) is **GRANTED**; and the Clerk's Office shall re-title that document: Supplement to the Amended Complaint (Doc. 5).

**IT IS ORDERED** that Plaintiff's Motion for Production of Information (**Doc. 8**) and Motion to Appoint Counsel (**Doc. 7**) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Michael Brisco, NMCD, and Cabinet Secretary Lucero survive initial review and will not be dismissed under Rule 12(b)(6). Brisco's counsel has entered an appearance in the case and must file an answer within thirty (30) days of entry of this Opinion.

**IT IS FINALLY ORDERED** that within thirty (30) days of entry of this Opinion, Paula Ganz, Deputy General Counsel for NMCD, Mariposa Padilla Sivage and Noe Astorga-Corral, Counsel for Brisco, shall either: (1) file a notice indicating they are not representing NMCD and/or Cabinet Secretary Lucero; or (2) if they are representing NMCD and/or Cabinet Secretary Lucero, enter an appearance and file an answer on behalf of the represented Defendant(s).

_____
UNITED STATES DISTRICT JUDGE