IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                             Civ. No. 20-346 MV/KK

MICHAEL BRISCO, *et al.*,

    Defendants.

## ORDER ON MOTION TO SEAL *MARTINEZ* REPORT

The Court has considered Defendants' Motion to Seal Un-Redacted *Martinez* Report and the Un-Redacted Exhibits Attached (Doc. 24) ("Motion"), filed January 31, 2022, and Plaintiff's "Objection to Defendant's Martinez Report (Doc[.] 26) Being Under Seal and Excessively Redacted" (Doc. 31), filed March 31, 2022. Having considered the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court finds good cause to conditionally grant the Motion.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access … particularly … where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation and quotation marks omitted). Nevertheless, "where the documents play only a negligible role in the performance of

Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker*, 315 F. App'x at 755. The district court must also "consider whether selectively redacting just the … sensitive, and previously undisclosed, information from the sealed … documents and then unsealing the rest" would adequately protect the privacy interests at stake. *Pickard*, 733 F.3d at 1304.

Here, Defendants ask the Court to seal records relating to: (1) nonparty inmates' medical, classification, and other confidential personal information; (2) confidential safety and security policies and other non-public internal policies and documents related thereto; and, (3) non-public records related to the operation of the Roswell Correctional Center and the location of correctional officers throughout the day. The Court has little difficulty in finding that public disclosure of this type of information has the potential to endanger other prisoners, correctional officers, and even Plaintiff while he remains incarcerated, and risks compromising the overall security of New Mexico Corrections Department ("NMCD") prisons. The Court therefore concludes that Defendants' concerns are valid and suffice at this juncture to outweigh the presumption in favor of access to judicial records, and also to justify non-disclosure to Plaintiff, a current NMCD inmate. However, if in a future order the Court relies on any information that this Order allows to be sealed

from Plaintiff and the public, the Court may weigh the parties' and the public's interests differently and may require such information to be made available to Plaintiff or filed in the public record.

    IT IS THEREFORE ORDERED that Defendants' Motion to Seal Un-Redacted *Martinez* Report and the Un-Redacted Exhibits Attached (Doc. 24) is GRANTED.  Defendants' unredacted *Martinez* Report (Doc. 25) will remain *ex parte* and under seal subject to further Order of the Court.

    IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE