IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                                               Civ. No. 20-346 MV/KK

MICHAEL BRISCO, *et al.*,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO INCLUDE DEFENDANTS NOT SPECIFICALLY MENTIONED IN THE AMENDED COMPLAINT**

THIS MATTER is before the Court on Plaintiff Talele Mika's Motion to Include Defendants Not Specifically Mentioned in the Am[]ended Complaint" (the "Motion to Amend") (Doc. 29). Defendants New Mexico Corrections Department ("NMCD"), Alicia Tafoya Lucero, and Michael Brisco (collectively, "Defendants") oppose the Motion to Amend. (Doc. 35.) For the following reasons, the Court FINDS that Plaintiff's motion is well taken and, therefore, will GRANT the Motion to Amend the Amended Complaint.[1] In addition, the Court will GRANT Plaintiff *in forma pauperis* status.

**I.   BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se*, lost sight in his left eye in a fight with two inmates at the Roswell Correctional Center ("RCC") in April 2019. (Doc. 5.) In his Amended Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by housing his assailants, who he alleges were serious violent offenders and gang members, in "Level II" custody with him and by failing to intervene when the

---

[1] The Court granted Plaintiff leave to file a "Supplement to the Amended Complaint (Doc. 5)." (Docs. 14, 16.) Unless otherwise specified, "Amended Complaint" refers to both the Amended Complaint (Doc. 5) and the Supplement to the Amended Complaint (Doc. 14).

fight began. (*Id*. at 11–18.) He also brings claims under the New Mexico Tort Claims Act, alleging that Defendants negligently failed to protect him. (*Id*. at 19.) Plaintiff seeks damages and injunctive relief from three named Defendants: Captain Michael Brisco, NMCD, and NMCD Cabinet Secretary Alicia Tafoya Lucero. (*Id*. at 3-4, 30.) He also seeks damages from various John Doe Defendants and has moved to amend his Amended Complaint to identify three of these Defendants by name. (*Id*. at 3-5, 30–31; Doc. 29.)

## II.  LEGAL STANDARD

The Court considers the Motion to Amend under Federal Rule of Civil Procedure 15. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). Leave to amend "'shall be freely given when justice so requires'" and generally is denied only "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment[.]" *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (quoting Rule 15). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]" *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). In reviewing whether a complaint has stated a claim, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quoting *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir.1997)). Defendants bear the burden to show that Plaintiff's proposed amendments are futile. *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013), aff'd, 810 F.3d 1161 (10th Cir. 2016).

## III. DISCUSSION

In the Motion to Amend, Plaintiff seeks leave to substitute the names of New Mexico Corrections Department officers identified in the Defendants' *Martinez* Report for certain John Doe defendants. (Doc. 29; Doc. 38.) Specifically, he seeks to substitute the names of Lieutenant Michael Nappier and corrections officers Eric Carter and Roy Ceballos for "Lt. John or Jane Doe" and "Correction[s] Officers J[oh]n and/or Jane Does," respectively.[2] (Doc. 29 at 2; Doc. 38 at 2; *see* Doc. 5 at 30–31; Doc. 26-3 at 2.) Defendants oppose the Motion to Amend on the grounds that 1) it is not clear how Plaintiff intends to amend the complaint and 2) amendment is futile. (Doc. 35.)

Defendants argue that, because Plaintiff did not attach a copy of the proposed amended complaint to his motion, the Motion to Amend does not give them adequate notice of the proposed changes. (Doc. 35 at 3); *see* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.") The Court disagrees with Defendants as it is clear from the Motion to Amend that Plaintiff seeks only to substitute three specific names for specified "John Does" in the Amended Complaint. (Doc. 29 at 2; Doc. 35; *see* Doc. 38 at 2–3.) Because Plaintiff's proposed amendments are minor, the Court finds the Motion to Amend is sufficient to alert Defendants to the nature of the amendments. *See*, *e.g.,* Fed. R. Civ. P. 1 (directing courts to construe and apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Sunlust Pictures, LLC v. Doe*, No. 12-CV-00656-CMA-KMT, 2012 WL 3846869, at *2 (D. Colo. Sept. 5, 2012) (permitting

---

[2] The Amended Complaint includes "Classification Officer John or Jane Doe" and "Intake Officer John or Jane Doe." (Doc. 5 at 30–31.) Plaintiff does not seek to substitute specific names for these unnamed defendants. (Doc. 29.)

amendment to substitute names for "John Doe" defendants despite the plaintiff's failure to attach a proposed amended complaint).

Defendants next argue that amendment is futile because the evidence in the *Martinez* Report "supports dismissal or summary judgment" of Plaintiff's § 1983 claims. (Doc. 35 at 4.) Whether the *Martinez* Report supports dismissal or summary judgment, however, does not bear on whether the proposed amendments to the Amended Complaint are futile because they fail to state a claim. *See Gohier*, 186 F.3d at 1218; *Lane v. Page*, 727 F. Supp. 2d 1214, 1236 (D.N.M. 2010) (rejecting the defendants' evidentiary arguments against amendment as irrelevant to whether the proposed amendments were futile because they failed to state a claim). Moreover, Defendants' argument assumes issues not yet determined. At the time briefing on Plaintiff's Motion to Amend was complete, Defendants had not yet filed their Motion for Summary Judgment (Doc. 40) and briefing on Defendants' Motion to Seal the *Martinez* Report and Plaintiff's objections to the *Martinez* Report, which are relevant to the summary judgment motion, was ongoing. (*See* Docs. 24, 30, 31). Most critically, Defendants' Motion for Summary Judgment, filed two months after Plaintiff's Motion to Amend, has not been decided.

Even if the Defendants ultimately demonstrate they are entitled to summary judgment, the Tenth Circuit has held that, where a plaintiff's complaint lists "John Doe" defendants and includes "an adequate description to identify the persons involved" and the names of such persons become apparent from evidence attached to the defendants' motion for summary judgment, "the district court should . . . order[] their inclusion as named [d]efendants and include[] them in the summary judgment[,]" rather than dismissing unnamed "John Doe" defendants without prejudice. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); *cf. Askew v. USP Leavenworth*, No. 5:20-CV-03058-TC, 2023 WL 184019, at *5 (D. Kan. Jan. 13, 2023) (ordering substitution of names for Doe

4

defendants under *Roper* where the plaintiff had not moved to amend the complaint). Under *Roper*, therefore, Plaintiff's proposed amendments are not rendered futile by the possibility that Defendants may be found to be entitled to summary judgment in the future.

Finally, the Court will address Plaintiff's *in forma pauperis* status. Before this matter was removed to this Court, the First Judicial District Court for the State of New Mexico granted Plaintiff's motion for free process and waived his filing fee. *Talele Mika v. Michael Brisco, et al.*, First Judicial District Case No. D-101-CV-2019-02444;[3] *see* (Doc. 1.) Because Plaintiff is incarcerated, appearing pro se, and was granted free process in the state court, the Court will grant him leave to proceed *in forma pauperis*. Although the filing fee is not at issue, Plaintiff may take advantage of other benefits of *in forma pauperis* status, such as Court-supplied service. *See* § 1915(a); Fed. R. Civ. P. 4(c)(3).

## IV. CONCLUSION

The Court finds that Defendants have not met their burden to show that the proposed amendments are futile. The Court will therefore grant Plaintiff's Motion to Amend. Because Plaintiff's requested amendments are minor substantive changes, the Court will deem the Amended Complaint amended as set forth below rather than require Plaintiff, who is incarcerated and acting pro se, to again handwrite his 33-page Amended Complaint and the Supplement to the Amended Complaint to substitute three names in place of "John Does."

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Include Defendants Not Specifically Named in the Amended Complaint (Doc. 29) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 5) is **DEEMED AMENDED** as follows:

---

[3] *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (stating that federal court may "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

    a. "Lieutenant Michael Nappier" is substituted for each instance of "Lt. John or Jane Doe" in both the Amended Complaint (Doc. 5) and the Supplement to the Amended Complaint (Doc. 14).

    b. "Corrections Officers Eric Carter and Ray Ceballos" are substituted for each instance of "Correction[s] Officers John and/or Jane Does" in both the Amended Complaint (Doc. 5) and the Supplement to the Amended Complaint (Doc. 14).

The Clerk's Office is **DIRECTED** to substitute "Lieutenant Michael Nappier" for "Lt. John or Jane Doe" and "Corrections Officers Eric Carter and Ray Ceballos" for "Correction[s] Officers John and/or Jane Does" in the case caption.

**IT IS FURTHER ORDERED** that defense counsel shall confer with their clients and with Defendants Nappier, Carter and Ceballos to determine whether counsel are authorized to accept and/or waive service for Defendants Nappier, Carter, and Ceballos. No later than **March 24, 2023**, defense counsel must file a statement indicating whether they are authorized to accept and/or waive service on behalf of Defendants Nappier, Carter and Ceballos and, if the latter, shall also file an appropriate waiver of service form for each of these defendants. If defense counsel are not so authorized, the Court will order the Clerk of Court to issue notice with copies of Plaintiff's Amended Complaint, the Supplement to the Amended Complaint, and this Order, along with waiver of service forms to Defendants Nappier, Carter, and Ceballos.

**IT IS FURTHER ORDERED** that Plaintiff is granted *in forma pauperis* status.

**IT IS SO ORDERED.**

*/s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE