IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                                                                         Civ. No. 20-346 MV/KK

MICHAEL BRISCO, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS (22 U.S.C. Sec. 4355) FREEDOM OF INFORMATION ACT – FILING FOR DISCLOSURE OF MARTINEZ REPORT**

THIS MATTER is before the Court on Plaintiff Talele Mika's "Motion for Writ of Mandamus (22 U.S.C. § 4355) Freedom of Information Act – Filing for Disclosure of Martinez Report" (the "Motion") (Doc. 32.) Defendants oppose the Motion. (Doc. 37.) For the following reasons, the Court FINDS that Plaintiff's Motion is moot and, therefore, will DENY the Motion.

Plaintiff, a state prisoner proceeding *pro se*, lost sight in his left eye in a fight with two inmates at the Roswell Correctional Center ("RCC") in April 2019. (Doc. 5.) Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and were negligent by housing his assailants, who he alleges were serious violent offenders and gang members, in "Level II" custody with him and by failing to intervene when the fight began. (*Id*. at 11–18.)

Pursuant to this Court's order (Doc. 21), Defendants prepared a *Martinez* Report and filed a redacted copy (Doc. 26) and an unredacted copy under seal, together with a motion to seal the unredacted copy. (Doc. 24, 25.) Defendants certified that they mailed a copy of the redacted *Martinez* Report to Plaintiff on January 31, 2021. (Doc. 26 at 41.) On March 31, 2022, Plaintiff

moved to amend his complaint based on information in the redacted *Martinez* Report (Doc. 29) and objected to Defendants' motion to seal the unredacted *Martinez* Report. (Doc. 31.) Four days later, on April 4, 2022, Plaintiff filed the present Motion. (Doc. 32.) The Court granted Defendants' motion to seal on September 28, 2022. (Doc. 66.)

In the Motion, Plaintiff references the Freedom of Information Act, but he does not argue for release of the unredacted *Martinez* Report to him or the public based on that statute. Moreover, Plaintiff states, "If the defendants state it is confidential[,] they need to provide a redacted version of [sic] Report to the Plaintiff." (Doc. 32 at 1.) This request is moot because a redacted version of the *Martinez* Report has already been provided to Plaintiff. *See Veal v. Jones*, 349 F. App'x 270, 272 (10th Cir. 2009) (a claim is moot when the plaintiff has already "received the precise remedy he has requested[.]").

Plaintiff further states, "The Department of Corrections needs to release the copy of the Martinez Report not [b]l[a]ckened out and show its contents to the Court in all fair play" and asserts that "showing the contents to the district court does not violate the confidential polic[]y[.]" (*Id*. at 4.) He asserts that "Defend[ants] must disclose to the court to see if the blacken[e]d papers that say confidential [are] pertinent[.]" (*Id*. at 1.) The Court understands Plaintiff to be requesting an order requiring Defendants to provide an unredacted copy of the *Martinez* Report to the Court. However, Defendants filed an unredacted copy of the *Martinez* Report on the docket. (Doc. 25.) Although it is under seal, the Court can review the unredacted *Martinez* Report in its entirety and the order Plaintiff seeks is therefore unnecessary. The Court finds that Plaintiff's Motion is moot. *See Veal*, 349 F. App'x at 272.

Attached to the Motion are what appear to be handwritten portions of policies, a narrative written by Plaintiff describing the events at RCC on the date of the fight and the medical care he

received, a list of questions titled "Questions for Medical Experts which I am asking this court to accept to be answered by Defendants for evidence and authentications," and copies of two pages of the redacted *Martinez* Report. (Doc. 32 at 5–15.) Plaintiff does not set forth arguments or request any specific relief related to these attachments.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Writ of Mandamus (22 U.S.C. § 4355) Freedom of Information Act – Filing for Disclosure of Martinez Report" (Doc. 32) is **DENIED as MOOT**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE