IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


TALELE MIKA,

    Plaintiff,

v.                                                                                                                       Civ. No. 20-346 MV/KK

MICHAEL BRISCO, *et al.*,

    Defendants.


**ORDER DENYING PLAINTIFF'S MOTION IN RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A[N] ORDER OF WRIT OF MANDAMUS AND REDACT[ION] OF THE MARTINEZ REPORT[] AND REQUEST FOR LEGAL COUNSEL**

THIS MATTER is before the Court on Plaintiff Talele Mika's "Motion in Response in Opposition to Defendants' Motion for a Order of Writ of Mandamus and Redact[ion] of the Martinez Report[] and Request for Legal Counsel (the "Motion") (Doc. 41.) Defendants oppose the relief requested in the Motion. (Doc. 43.) For the following reasons, the Court FINDS that Plaintiff's Motion is not well taken and, therefore, will DENY the Motion.

Plaintiff, a state prisoner proceeding *pro se*, lost sight in his left eye in a fight with two inmates at the Roswell Correctional Center ("RCC") in April 2019. (Doc. 5.) Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and were negligent by housing his assailants, who he alleges were serious violent offenders and gang members, in "Level II" custody with him and by failing to intervene when the fight began. (*Id*. at 11–18.)

After Defendants filed a Motion for Summary Judgment (Doc. 40), Plaintiff filed the present Motion. Despite reference to a "Motion in Response in Opposition to Defendants' Motion" and to "redact[ion] of the *Martinez* Report" in the title, the only relief Plaintiff requests is for the Court to request an attorney to represent him and to schedule a trial. (*Id.*)

There is no right to appointment of counsel in a civil rights case and "courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a pro bono basis. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016); *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003). The decision to make this request is a matter of discretion. *See Toevs v. Reid,* 685 F.3d 903, 916 (10th Cir. 2012). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004); *Rachel*, 820 F.3d at 397. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill,* 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). A "colorable claim," however, is not itself sufficient to warrant such a request. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (explaining that "*if* the plaintiff has a colorable claim *then* the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts") (emphases added) (quoting *McCarthy*, 753 F.2d at 838). The Court must consider the totality of the circumstances and determine whether refusing a *pro se* litigant's request for counsel at that time would result in fundamental unfairness to the litigant, impinging on his due process rights. *See Hill*, 393 F.3d at 1115; *McCarthy*, 753 F.2d at 838, 839-40.

After considering these factors and because there is no longer a pro bono panel of attorneys willing to take such cases, the Court denied Plaintiff's previous motion for appointment of an attorney. (Docs. 7, 16.) The Court stated, "Plaintiff may renew his request for counsel at a later time, if the case becomes more complicated or survives summary judgment." (Doc. 16 at 6.)

Acknowledging the Court's earlier ruling, Plaintiff asks the Court to request an attorney to represent Plaintiff because the matter "has become more complicated," but he does not explain how it has become more complicated. (Doc. 41 at 4.) Plaintiff suggests that the Court contact three specific attorneys to represent him. (*Id*.) In addition, he references another lawsuit against the New Mexico Corrections Department ("NMCD"), quotes from what appear to be the NMCD policies he alleges NMCD failed to follow and attached a copy of portions of NMCD policies. (*Id*.)

After review of the docket and considering the factors anew, the Court will deny Plaintiff's Motion. Plaintiff has not shown that the relevant circumstances changed materially from entry of the Court's order to the filing of his motion. The factual and legal issues presently before the Court are not so complex or momentous that it would be fundamentally unfair to require Plaintiff to proceed without counsel at this stage. Plaintiff appears to understand the issues in the case and to be representing himself in a capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a judicial request for *pro bono* counsel, Plaintiff's Motion will be denied.

In addition, the Court will deny Plaintiff's request for a trial setting as premature. Defendants have moved for summary judgment on all of Plaintiff's claims. (Doc. 40.) The Court will schedule a trial if appropriate after it rules on the pending summary judgment motion.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion in Response in Opposition to Defendants' Motion for a[n] Order of Writ of Mandamus and Redact[ion] of the Martinez Report[] and Request for Legal Counsel" (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE