IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                                             Civ. No. 20-346 MV/KK

MICHAEL BRISCO, NEW MEXICO
CORRECTIONS DEPARTMENT, ALISHA
TAFOYA LUCERO, MICHAEL NAPPIER,
ERIC CARTER, ROY CEBALLOS,
CLASSIFICATION OFFICER JOHN OR
JANE DOE, AND INTAKE OFFICER JOHN
OR JANE DOE,

    Defendants.

**ORDER DENYING PLAINTIFF'S REQUEST FOR
APPOINTMENT OF A MEDICAL PROFESSIONAL**

Plaintiff Talele Mika, a state prisoner proceeding *pro se*, lost sight in his left eye due to injuries he sustained in a fight with two inmates at the Roswell Correctional Center in April 2019. He alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by housing his assailants, who he alleges were serious violent offenders and gang members, in "Level II" custody with him, and by failing to enforce security policies and to intervene when the fight began. (*Id*. at 11–18.) He also brings numerous negligence claims under the New Mexico Tort Claims Act ("NMTCA") on the theories that Defendants' housing and classification decisions put him at risk of harm and that they failed to protect him. Before the Court is Plaintiff's "Motion to Petition Court to appoint a medical professional to examin[e] [P]laintiff to prove extent of injurie[s] he falls under ADA act and Rehabilitation Act" ("Motion") (Doc. 61.) For the reasons stated below, the Court DENIES Plaintiff's Motion.

In his Motion, Plaintiff asks the Court to "appoint a[n] expert witness . . . to verify the extent of the injury the [D]efendants down[]play in the[i]r opposition." (Doc. 61 at 1.) He also seeks a "professional unbias[ed] opinion from a physician to prove this case has merit." (*Id*.) "Though Federal Rule of Evidence 706(a) permits the district court to appoint a medical expert, courts rarely exercise this power," only doing so in "truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Rachel v. Troutt*, 820 F.3d 390, 397–98 (10th Cir. 2016) (quoting *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988) (quotation marks omitted)). A court may appoint an expert to assist the court, not a party. *Gates v. United States*, 707 F.2d 1141, 1144 (10th Cir. 1983) (the district court has discretion to appoint experts "to assist the trial court in understanding complex matters"); *Griffin v. Perry*, No. 04CV654 MCA/WDS, 2008 WL 8097279, at *2 (D.N.M. Mar. 10, 2008) (stating that the purpose of a Rule 706 expert "is to assist the court in evaluating contradictory or complex evidence or issues, rather than to aid a plaintiff's prosecution of his own case") (citation omitted).

The medical issues currently presented in this case are not complex. Contrary to Plaintiff's assertion that Defendants are minimizing his injury, Defendants acknowledge that Plaintiff lost sight in his left eye after sustaining multiple blows to his face. (Doc. 63 at 5; Doc. 40 at 3.) Hence, there is no need for a medical professional to testify to those facts. Moreover, medical expert testimony would not assist the Court in addressing pending motions including Defendants' Motion for Summary Judgment because it, like Plaintiff's allegations in the Amended Complaint, pertains to what NMCD and corrections officers did before and in immediate response to the fight, not to Plaintiff's medical care thereafter. The medical testimony Plaintiff seeks would not address the relevant issues.

In the Motion, Plaintiff also states generally that "prison officials . . . may be found negligent for acts or omissions . . . that interfere with medical treatment" and alleges that, "by denying [his] claim," Defendants are discriminating against him in violation of the Americans with Disabilities Act and other federal statutes. (Doc. 61 at 2.) However, he neither asserted these claims nor stated facts supporting them in his Amended Complaint. (*See* Doc. 5.) "Despite the liberal construction afforded pro se pleadings, the [C]ourt will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

The Court finds that appointment of a medical expert is not warranted at this time and DENIES Plaintiff's Motion to Appoint a Medical Professional (Doc. 61).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

3