IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALELE MIKA,

    Plaintiff,

v.                                              Civ. No. 20-346 MV/KK

MICHAEL BRISCO, NEW MEXICO
CORRECTIONS DEPARTMENT, ALISHA
TAYOFA LUCERO, MICHAEL NAPPIER,
ERIC CARTER, ROY CEBALLOS,
CLASSIFICATION OFFICER JOHN OR
JANE DOE, AND INTAKE OFFICER JOHN
OR JANE DOE,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[1]**

Plaintiff Talele Mika, a state prisoner proceeding *pro se*, lost sight in his left eye in a fight with two inmates at the Roswell Correctional Center ("RCC") in April 2019. (Doc. 5 at 5–6.) He alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by housing his assailants, who he alleges were serious violent offenders and gang members, in "Level II" custody with him, and by failing to enforce security policies and to intervene when the fight began. (*Id*. at 11–18.) He also brings claims under the New Mexico Tort Claims Act ("NMTCA"), alleging that Defendants negligently failed to protect him. (Doc. 5 at 19.) Plaintiff has filed a "Motion for Summary Judgement for Misrepresentation of Facts by Mariposa Padilla Sivage and Jessica R Martin of Sutin Firm Company" ("Motion for Summary Judgment")

---

[1] By an Order of Reference filed September 27, 2021, this matter was referred to the undersigned to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 17.)

(Doc. 55.) For the reasons stated below, the undersigned recommends that the Court DENY Plaintiff's Motion for Summary Judgment.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact" by presenting "sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." *Bacchus Indus., Inc.*, 939 F.2d at 891; Fed. R. Civ. P. 56(c)(1)("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings' to avoid summary judgment." *Bacchus Indus., Inc.*, 939 F.2d at 891 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Celotex Corp.*, 477 U.S. at 324; *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

For purposes of summary judgment, a prisoner's complaint is treated as an affidavit if it alleges specific facts based on the prisoner's personal knowledge and has been subscribed under penalty of perjury. *Hall*, 935 F.2d at 1111; 28 U.S.C. § 1746. "When the plaintiff challenges a prison's policies or established procedures and the *Martinez* report's description of the policies or procedures remains undisputed after plaintiff has an opportunity to respond, [courts] should, and will, treat the portion of the *Martinez* report describing the policies or procedures like a written document that has been attached to plaintiff's complaint." *Hall*, 935 F.2d at 1112–13; *see also* Order to File a *Martinez* Report (Doc. 21 at 7) (putting parties on notice that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims and directing the parties to submit whatever materials they consider relevant to Plaintiff's claims). However, "the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall*, 935 F.2d at 1111. As is true with all affidavits, statements of mere belief must be disregarded. *Argo v. Blue Cross & Blue Shield*, 452 F.3d 1193, 1200 (10th Cir. 2006).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110 (citations omitted). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Moreover, a pro se litigant's papers "must still comply with the minimum requirements of the [summary judgment] rules. In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of" Federal Rule of Civil Procedure 56 and, therefore, "fails to create a genuine factual dispute" sufficient to preclude summary judgment. *Gorton v. Williams*, 309 F. App'x 274, 275 (10th Cir. 2009) (internal citation omitted); *see also Hall*, 935 F.2d at 1111.

When reviewing a motion for summary judgment, the Court must keep three principles in mind. First, the Court's role is not to weigh the evidence and determine the truth of the matter, but to assess the threshold issue of whether a genuine issue of material fact exists. *Anderson*, 477 U.S. at 249. Second, the Court must draw all reasonable inferences in favor of the non-moving party and construe all evidence in the light most favorable to that party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Finally, the Court cannot decide issues of credibility. *Anderson*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id*. at 257.

## DISCUSSION

In his Motion for Summary Judgment, Plaintiff argues that he has "submitted [evidence showing] that genuine issues of material fact exist," that Defendants and their counsel have misrepresented unspecified facts, and that Defendants have not met their burden to make a prima facie showing that they are entitled to summary judgment. (Doc. 55 at 1, 10.) Plaintiff attached a copy of portions of his Amended Complaint and a description of the tort of misrepresentation. (*Id*. at 3–5, 7.) Defendants filed a response, arguing, among other things, that Plaintiff's Motion for Summary Judgment is an untimely response to their Motion for Summary Judgment. (Doc. 58.) Plaintiff did not file a reply responding to this argument.

Plaintiff's Motion for Summary Judgment does not comply with the rules for summary judgment motions and should be denied. Under Local Rule 56.1(b), a motion for summary judgment must include "a concise statement of all of the material facts as to which the movant contends no genuine issue exists" and the "facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies[.]" D.N.M.LR-Civ. 56.1(b). In addition, Federal Rule of Civil Procedure 56(c)(1) requires "[a] party asserting that a

4

fact cannot be or is genuinely disputed [to] support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, [or] affidavits or declarations[.]" Fed. R. Civ. P. 56(c)(1). In his Motion for Summary Judgment, Plaintiff does not set forth undisputed facts related to his claims or attach any material evidence in support of those claims. (Doc. 55.) Rather, although sworn under penalty of perjury, the Motion simply declares Plaintiff's entitlement to summary judgment with conclusory assertions unsupported by personal knowledge and self-serving legal conclusions. (*Id.*) For instance, he alleges, without explanation or material evidence, that Defendants and their counsel have misrepresented facts and engaged in malicious abuse of process, neither of which are claims in the Amended Complaint. (*Id.*) Plaintiff's Motion for Summary Judgment does not demonstrate "that there is no genuine dispute as to any material fact and [that] movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court recommends that Plaintiff's Motion for Summary Judgment be denied.[2]

---

[2] The Court should not construe Plaintiff's Motion for Summary Judgment as a supplemental response to Defendants' pending Motion for Summary Judgment as Defendants suggest because it would be both untimely and unhelpful to Plaintiff to do so. *See Ballard v. Geo Grp., Inc.*, 553 F. App'x 799, 801 (10th Cir. 2014) (finding no abuse of discretion in the district court's disregard of an untimely filed response to a summary judgment motion). The Court granted Plaintiff's motion for an extension of time to file a response to Defendants' Motion for Summary Judgment. (*See* Docs. 45, 51.) He then filed a response (Doc. 47), which was deemed timely by the Court. (Doc. 51.) Over a month later, Plaintiff filed the at issue Motion for Summary Judgment, after briefing on Defendants' Motion for Summary Judgment was complete. (Docs. 52, 53, 55.) If construed as a response to Defendant's Motion for Summary Judgment (rather than taking it for what it purports to be), the Court would be faced with a response that is both untimely and filed without leave of Court. And even were the Court to do so, Plaintiff's Motion for Summary Judgment does nothing to demonstrate any questions of fact relevant to Defendants' Summary Judgment Motion for the same reasons it should be denied at the outset. Plaintiff neither attached material evidence nor asserted facts related to his claims. (Doc. 55.). Thus, the Court does not recommend that Plaintiff's Motion for Summary Judgment be construed as a response to Defendants' Motion for Summary Judgment.

## I. CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's "Motion for Summary Judgement for Misrepresentation of Facts by Mariposa Padilla Sivage and Jessica R Martin of Sutin Firm Company" (Doc. 55) be DENIED.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_Kirtan Khalsa_
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE